UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DORA HEMP,

    Plaintiff,

vs.

WAL-MART STORES, INC., *et al.*,

    Defendants.

Case No. 3:16-cv-235

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY DENYING WITHOUT PREJUDICE
PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
DEPOSITION TRANSCRIPTS UNDER SEAL (DOC. 34)**

---

This civil case is before the Court on the motion of Defendant Wal-Mart Stores, Inc. ("Wal-Mart") for leave to file deposition transcripts under seal. Doc. 34. In support of the motion, Wal-Mart asserts that, "[t]he deposition transcripts contain confidential, non-public information, and this information is included under the [p]rotective [o]rder." *Id*. at PageID 149.

The Sixth Circuit "recently clarified the 'stark difference' between court [protective] orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). While "[s]ecrecy is acceptable at the discovery stage[,]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016), "very different considerations apply" when parties seek to file "material in the court record." *Rudd Equip.*, 834 F.3d at 593 (citing *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*.

As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94. In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Such burden applies even where a protective order has been entered by the court and where no "party objects to the motion to seal." *See id*. (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

Here, Wal-Mart does not expound on the nature of the testimony it seeks to file under seal beyond the conclusory statement that such information is "confidential, non-public information" that is subject to a protective order. Doc. 34 at PageID 149. Wal-Mart also fails to cite any authority supporting its request so as to inform the Court that the information it seeks to conceal from public view can properly be filed under seal in conformance with *Shane Grp. and Rudd*. Generally, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)," is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308. Absent more specificity and citation to applicable authority, Wal-Mart's motion must be denied.

Further, it is very unlikely that every page of each deposition transcript Wal-Mart seeks to file under seal contains "confidential, non-public information." Thus, even assuming the

depositions contain some select information that can properly be shielded from public view under applicable legal authority, Wal-Mart fails to meet its burden under *Shane Group* because, *inter alia*, the leave Wal-Mart seeks does not appear to be narrowly tailored. *See Shane Grp.*, 825 F.3d at 305-06 (stating that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason"). In other words, it is not clear to the Court why entire deposition transcripts must be filed under seal as opposed to select portions containing appropriately sealed information needed for disposition of the parties' summary judgment motions.

Accordingly, based upon all of the foregoing, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE** to refiling.

**IT IS SO ORDERED.**

Date: January 16, 2018            s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge