# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DORA M. HEMP, | : | Case No. 3:16-cv-235 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| | : | |
| Defendant. | : | |

___

### ENTRY AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DOC. 35), DENYING MOTION IN LIMINE (DOC. 36) AND TERMINATING CASE
___

This case is before the Court on the Motion for Summary Judgment (Doc. 35) and Motion in Limine (Doc. 36) filed by Defendant Wal-Mart Stores East, L.P ("Wal-Mart"). On April 7, 2014, a drug addict in withdrawal and looking for money to buy cocaine brutally assaulted Plaintiff Dora Hemp ("Hemp") in the parking lot of Wal-Mart's Miller Lane store in Dayton, Ohio. Hemp alleges that Wal-Mart breached a duty to protect her and seeks compensatory and punitive damages stemming from the assault. Wal-Mart argues it is entitled to summary judgment on Hemp's claim because she cannot establish that it had a duty or that its alleged breach of any alleged duty was the proximate cause of the attack. Hemp also moves to exclude the testimony of Hemp's expert under Federal Rule of Evidence 702. As discussed below, the Court **GRANTS** Wal-Mart's Motion for Summary Judgment (Doc. 35) because Hemp cannot meet the rigorous standard under Ohio law to establish that Wal-Mart had a duty to protect her from the assault. Wal-Mart's Motion in Limine (Doc. 36) is **DENIED** as moot.

## I. BACKGROUND

On April 7, 2014, Hemp drove with her grandchild to Wal-Mart's Miller Lane store in Dayton, Ohio. Hemp parked in the fourth parking space, which was about 100 feet from the store's entrance. It was evening, but the parking lot was well-lit and monitored by visible security cameras. The light poles also had signs to inform customers that they were being recorded.

Hemp was getting her grandchild out of her car when an unknown man approached and asked for her car keys. Hemp's grandchild was still in the car, so she refused to give up her keys. The man began beating Hemp in the face and head in plain view of others in the parking lot. Wal-Mart's employees, some of whom were walking in and out of the parking lot, responded to the assault almost immediately.

The Butler Township Police Department was notified and responded to the assault within three minutes. Police officers apprehended the assailant. While being interviewed in police custody, the assailant admitted to committing the assault. He said that he did not have any dispute with Hemp but attacked her because he was an addict and needed a fix. The assailant said that he would not have committed the assault if he was not addicted to cocaine. The assailant was charged with aggravated robbery and felonious assault and is now serving an eight-year prison sentence.

In the three years before Hemp's assault, numerous instances of shoplifting at the same Wal-Mart were reported to police. In one instance, an accused shoplifter bit an employee in an effort to escape. There was also an attempted carjacking in the same parking lot, in which the assailant fled when another customer pulled into the parking space directly in front of them.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to inform the court of the basis for its motion and to identify the sections of the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The adverse party then bears the burden to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. at 24 (emphasis in original).

In deciding a motion for summary judgment, the court should not weigh the evidence, make credibility determinations, or judge the truth of the matter asserted, but it must draw all "justifiable inferences" in the light most favorable to the non-movant. *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003) (citing *Anderson*, 477 U.S. at 255). This does not require the court to "wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). In sum, based on the evidence called to the court's attention, it must decide whether reasonable jurors could find by a preponderance of the evidence that the nonmovant is entitled to a verdict. *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

Hemp alleges a single cause of action for common law negligence against Wal-Mart. Under Ohio law, "[a] negligence action requires a plaintiff to establish '(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages.'" *Wheatley v. Marietta Coll.*, 2016-Ohio-949, ¶ 51, 48 N.E.3d 587, 605 (quoting *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 23). Wal-Mart argues that Hemp cannot establish that it owed her a duty or that its alleged breach is the proximate cause of her injuries. As Hemp cannot establish the existence of a duty as a matter of law, the Court does not consider the issue of proximate cause.

Duty "refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 773 N.E.2d 1018, ¶ 23 (internal quotes omitted). "Whether a duty exists in a negligence action is generally a question of law for a court to decide." *Id.* at ¶ 22; *see also Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989); *Simpson v. Concord United Methodist Church*, 2nd Dist. Montgomery No. 20382, 2005-Ohio-4534, 2005 WL 2087697, ¶ 25 (whether defendant knew or should have known of danger and thus had a duty to warn is a question of law).

"Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. Thus, liability in negligence will not lie in the

absence of a special duty owed by a particular defendant." *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173–174, 543 N.E.2d 769 (1989) (citations omitted). "One type of special relationship that may give rise to a duty to prevent a third person from causing harm to another is that between a business owner and invitee." *Wheatley*, 2016-Ohio-949 at ¶ 56 (citing *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134, 652 N.E.2d 702 (1995); *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188, 191, 583 N.E.2d 1071 (8th Dist.1990)).

"A business premises owner generally owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a reasonably safe condition." *Wheatley*, 2016-Ohio-949 at ¶ 57. "The basis of liability in such case is the owner's superior knowledge of existing dangers or perils to persons going upon the property. It is only when there are perils or dangers known to the owner and not known to the person injured that liability may be established and recovery permitted." *Englehardt v. Philipps*, 136 Ohio St. 73, 78, 23 N.E.2d 829, 831 (1939). "The test for foreseeability is one of likelihood, not mere possibility." *Shadler v. Double D. Ventures, Inc.*, 2004-Ohio-4802, ¶ 31 (Ohio Ct.App.2003).

"A premises owner is not, however, an insurer of an invitee's safety." *Wheatley*, 2016-Ohio-949 at ¶ 58 (citing *Howard v. Rogers*, 19 Ohio St.2d 42, 249 N.E.2d 804 (1969), ¶ 2 of the syllabus). As a result, a business or property owner "has a duty to protect others from injury due to criminal activity only if substantial evidence exists to demonstrate that the owner could foresee that the criminal activity would occur and that people would be injured by the criminal activity." *Walters v. Oberling Ford, Inc.*, 4th Dist. Scioto No. 97CA2513, 1997 WL 603395 (Sept. 29, 1997).

Ohio courts have taken a strict approach to the determination of when a business owner owes a duty to protect invitees from criminal conduct. *Wheatley*, 2016-Ohio-949 at ¶¶ 63-64.

5

Some courts have adopted a totality of the circumstances test, while others have applied a "prior-similar-acts-test" to determine the foreseeability that a third person's criminal act would harm an invitee. *Id.* at ¶ 64. In this case, both Wal-Mart and Hemp argue that the totality of the circumstances test applies.

Under that test, courts must consider all relevant evidence, which may include "(1) prior similar incidents; (2) other criminal activity occurring on or near the premises; and (3) the location and character of the business." *Id.* at ¶ 65. Due to the fact that "criminal behavior of third persons is not predictable to any degree of certainty," however, "the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." *Reitz*, 66 Ohio App.3d at 193. As mentioned, Ohio courts have taken a strict approach to this determination, such that "even if multiple crimes occurred on a given set of premises, courts have been unwilling to find foreseeability when those offenses were non-violent and differed in nature from the criminal conduct at issue." *Wheatly*, 2016-Ohio-949 at ¶ 67 (citing cases). In addition, "courts have been reluctant to find foreseeability if the past violent crimes are different in form, *i.e.*, dissimilar to the violent crime that caused the plaintiff's injury." *Id*. (citing cases). In sum, "it is not enough for an invitee to show that a premises owner should have foreseen a substantial risk of general harm to the invitee, but instead, the invitee must demonstrate that a premises owner should have foreseen a substantial risk of the precise harm that befell the invitee." *Id*. at ¶ 63.

In this case, the totality of circumstances does not rise to the level of being "somewhat overwhelming," as that standard has been interpreted by Ohio courts, such that Wal-Mart had a duty to protect Hemp from the assault in its parking lot on April 7, 2014. In the two years prior

6

to the assault, the criminal activity at Wal-Mart included thousands of instances of shoplifting, at least one of which escalated into an assault on a Wal-Mart employee, and an attempted car theft.[1] None of these incidents were similar enough to the assault on Hemp, under Ohio precedent, to put Wal-Mart on notice that it was likely to occur. Even when the offenses are considered together, the circumstances still do not amount to a "somewhat overwhelming" inference that a physical assault on a customer, like the one against Hemp, was probable.

The shoplifting that occurred inside the Wal-Mart was very different than the brutal assault on Hemp outside in the parking lot. First, shoplifting is not an assault against another person; it is an act of theft against the store. Second, the shoplifting occurred inside, not outside, the store. Based on the shoplifting activity, Wal-Mart might have been on notice that additional thefts were likely to occur inside the store, but it would not have been on notice of the possibility of a physical assault against a customer outside the store. *See Sullivan v. Heritage Lounge*, 2005-Ohio-4675, ¶ 32 (10th Dist. Ct. App.) ("forceful, unprovoked assault" was not foreseeable although police run reports suggested minor criminal activity was likely to occur).

Hemp specifically refers to one incident of shoplifting that escalated into a physical assault. After being detained, the accused shoplifter began fighting with employees, biting one of them in an effort to escape. Even though this incident involved a physical altercation, it arose from circumstances very different from the assault on Hemp. It would not have put Wal-Mart on notice

---

[1] Hemp relies on police reports and logs listing the visits that the Butler Township Police Department made to Wal-Mart from December 2012 through the date of Hemp's assault. Wal-Mart objects to these reports because they are not accompanied by an authenticating affidavit and are nonetheless "problematic" because they do not reflect the actual dispositions of any of the alleged crimes that occurred. (Doc. 70 at 2, citing *Tranter v. Orick*, 460 F. App'x 513, 515 (6th Cir. 2012) (police investigation report and witness statements properly excluded as inadmissible hearsay).) For purposes of Wal-Mart's Motion for Summary Judgment, the Court has considered these materials as evidence under the totality of the circumstances test. This should not be construed, however, as a ruling on their admissibility at trial.

that a physical assault on a customer, who was far removed from the detention of suspected shoplifters inside the store, was likely to occur.

Hemp also refers to an incident in December 2012 involving an attempted carjacking in the same Wal-Mart parking lot. In that incident, the victim had just finished loading her purchases into her car when she was approached by an unknown man. The man asked the victim for her car keys and told her to get into her vehicle. When the victim turned to move away, the man grabbed her forearm and moved toward her. The victim then shoved the man and screamed for help. When another shopper pulled into a nearby parking space, the suspect ran away.

This incident, although more analogous to Hemp's assault than the shoplifting incidents, still differs from the assault in important ways. As noted by Wal-Mart, the attempted carjacking did not result in physical harm to the customer. Equally important, the suspect fled when another shopper arrived at the scene. Wal-Mart maintains that it had no reason to believe that the existing security measures in its parking lot would not deter criminal activity. Those measures included good lighting, visible security cameras, signs on light poles to inform customers that they were being recorded, and the regular presence of other shoppers and Wal-Mart employees in the parking lot. In the attempted carjacking, it was the arrival of another Wal-Mart shopper that deterred the suspect from completing his crime. This incident therefore supported Wal-Mart's belief that its existing measures were effective. It did not suggest that a criminal might assault a shopper in plain view of other shoppers and Wal-Mart employees, as happened to Hemp.

Hemp relies on the opinions of her expert, Richard Sem, with respect to the issue of proximate cause. Because proximate cause involves analysis of foreseeability, Sem's opinions also touch on the issue of duty—although that determination is reserved to the Court. Sem opined

in his expert report, for example, that the prior criminal activity at the store created "an atmosphere where any incident could flare up and escalate into violence." (Doc. 54-1 at PageID # 1545.) He surmised that "an attack at least this serious was foreseeable" and that security experts "consider the regular presence and illegal acts of criminals to be, if not addressed, a preface to violence." (*Id.*) In response to specific questions from Hemp's counsel, Sem further opined that "[t]his store's history of crimes, and the regular presence of criminals, on the property was a strong indicator that, if nothing more was done to protect, someone would get seriously injured or even killed." (*Id.*)

Even accepting Sem's opinion that it was generally foreseeable that someone—whether it be an employee, customer or delivery driver—might be hurt as a result of the escalation of minor criminal activity inside the store, that level of awareness is not sufficient under Ohio law to hold a business owner liable for an unprovoked assault by an unknown person in the parking lot. Ohio courts have explicitly held on this issue that "it is not enough for an invitee to show that a premises owner should have foreseen a substantial risk of general harm to the invitee." *Wheatley*, 2016-Ohio-949, ¶ 63. Rather, there must be "overwhelming evidence that the premises owner should have foreseen a substantial risk of the precise harm that befell the invitee." *Id.*

Hemp cites three cases for the proposition that "a pattern of crime at a business is sufficient to demonstrate that a subsequent criminal act and its resulting harm are foreseeable." (Doc. 59 at 10-12, citing *Rush v. Lawson Co.*, 65 Ohio App. 3d 817, 585 N.E.2d 513, 513 (1990); *Allison v. McDonald's Restaurants*, No. 63170, 1993 WL 453689 (Ohio Ct. App. Nov. 4, 1993); *Simpson v. Big Bear Stores Co.*, 1995-Ohio-203, 73 Ohio St. 3d 130, 652 N.E.2d 702). In those cases, however, overwhelming evidence established that the specific crime at issue was foreseeable.

9

In *Rush*, the plaintiff was assaulted in the parking lot in front of a convenience store. A former employee of the convenience store submitted an affidavit asserting that, prior to the assault, customers and convenience store employees were victims of criminal activity in the parking lot and that the rear of the store "was a gathering place for neighborhood hoods and trouble makers" who were "constantly involved in harassment of customers and store employees" and "constantly drinking." *Rush*, 65 Ohio App. 3d at 819. In addition, there was evidence that 11 armed robberies and 48 shoplifting offenses had occurred at the store—one robbery occurring just a month before. This substantial evidence created a genuine issue of fact regarding foreseeability; it did not establish the existence of a duty as a matter of law.

Unfortunately, the decision in *Allison* contains no insight into the Ohio court of appeals' analysis. It does, however, refer to testimony regarding several hundred crimes, including aggravated robberies, that occurred at the same McDonald's where the plaintiff was assaulted. Moreover, the attack on the plaintiff occurred in the drive-thru at night and there was testimony that employees were prohibited from going alone behind the store at night because of concerns for their safety. *Allison*, 1993 WL 453689, at *1.

In *Simpson*, the plaintiff was the victim of a purse snatching on the west side of the defendant's grocery store. 1993 WL 540325, at *4. In the three-and-a-half years before the incident, there were eight purse snatchings at the shopping center, six of which occurred near the same grocery store. Of those six, five occurred on the west side of the store, the same location where plaintiff's purse was stolen. The evidence also reflected an increasing frequency in attacks at that location during the year preceding the attack at issue. *Id.*

In contrast to these cases, in this case there is not sufficient evidence to establish that Wal-Mart should have foreseen the attack on Hemp, much less overwhelming evidence to support such

a conclusion. As a result, Hemp cannot establish that Wal-Mart owed her a duty as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Wal-Mart's Motion for Summary Judgment (Doc. 35) and **DENIES** its Motion in Limine (Doc. 36) as moot. This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 21, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE